## ST. LOUIS–SAN FRANCISCO RY. CO. v. BARTON.

(Circuit Court of Appeals, Fifth Circuit. March 18, 1927.)

No. 4838.

**1. Trial ⊜143—Refusal to direct verdict held not error, where the evidence bearing on the controlling fact was conflicting.**

Where a case turned on a question of fact, it was the province of the jury to pass on conflicts in the evidence bearing on that question, and it was not error to refuse to direct a verdict, though the court, on the whole evidence, would have been justified in finding in favor of the moving party.

**2. Evidence ⊜472(1)—Opinion of witness on ultimate fact for determination of jury is properly excluded.**

It is not error to exclude the opinion of a witness on an ultimate fact for determination of the jury.

In Error to the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Action by W. H. Barton against the St. Louis-San Francisco Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. W. Canada, of Memphis, Tenn., and D. W. Houston, of Aberdeen, Miss. (D. W. Houston, Sr. & Jr., of Aberdeen, Miss., on the brief), for plaintiff in error.

Geo. T. Mitchell, of Tupelo, Miss. (Geo. T. & Chas. S. Mitchell, of Tupelo, Miss., and R. G. Draper, of Memphis, Tenn., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action to recover damages for personal injuries sustained by the defendant in error, a Pullman car conductor, when a coach in a moving train, where he was in the performance of his duties, left the track on a bridge or trestle and fell to the ground below. The case went to the jury on the fourth count of the declaration, which attributed the derailment and fall of the coach to negligence of the plaintiff in error in permitting its track, roadbed, and bridge to be and remain in a defective and unsafe condition. The parties are herein referred to as plaintiff and defendant, respectively. The defendant complains of a ruling of the court in sustaining an objection to testimony and of the refusal of the court to charge the jury to find in its favor on the fourth count of the declaration.

[1] The record shows that in the trial the plaintiff contended that cross-ties in the track near the end of the trestle in the direction from which the train was coming and timbers in the trestle at or near that end of it were rotten and unsafe, and that the derailment and fall of the coach in which plaintiff was riding resulted from those defects, and that the defendant contended that the derailment was caused by the breaking, due to a hidden defect, of a rail at a point more than 100 feet from the end of the trestle in the direction from which the train was moving. The evidence offered by the parties in support of their respective contentions was in sharp conflict. In behalf of the defendant it is urged in this court that the evidence as a whole required a finding that the breaking of the rail was the sole proximate cause of the casualty, and that the defendant was not chargeable with negligence with reference to the condition of that rail. We are of opinion that the record does not justify the just stated proposition. A result of a careful examination of the evidence is that we conclude that a phase of it supported a finding that the derailment and fall of the coach and the consequent injury to the plaintiff were due, not to the breaking of a rail in consequence of a hidden defect, but to the defective and unsafe condition of cross-ties near the end of the trestle in the direction from which the train was coming and of timbers of the trestle at or near that end of it, and that the defendant was chargeable with negligence in failing to have the defects mentioned remedied before the casualty occurred. This being so, it was not enough to justify the direction of a verdict for the defendant that another phase of the evidence supported the conclusion contended for by the defendant, and that a court, upon a careful scrutiny of the evidence as a whole, would be justified in reaching a conclusion different from that evidenced by the verdict. The case turned upon questions of fact, and it was the prov-

ince of the jury to pass on the conflicts in the evidence bearing on those questions. It follows that it was not error for the court to refuse to give the above-mentioned charge.

[2] An employee of the defendant, a division engineer, in the course of his testimony as to his inspection of the scene of the derailment after the casualty occurred, stated that the broken rail caused the derailment. The court sustained an objection to this statement of the opinion of the witness. The cause of the derailment being an ultimate fact to be determined by the jury, the court was not chargeable with error for sustaining an objection to a statement by the witness of his opinion on the subject. Central of Georgia R. Co. v. Robertson, 206 Ala. 578, 91 So. 470; 22 C. J. 502.

The record showing no reversible error, the judgment is affirmed.